IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS MELVIN ROBINSON,           )
                                  )
            Petitioner,           )
                                  )     1:13CV630
      v.                          )     1:11CR110-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Travis Melvin Robinson, a federal prisoner, has brought a motion (Doc. 41) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged with, and later pled guilty to, being a felon in possession of a firearm in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 1, 20, 23; Minute Entry 06/10/2011.) He was later sentenced to 180 months of imprisonment as an armed career criminal under the Armed Career Criminal Act ("ACCA"). (Docs. 32, 37, and 46, ¶ 20; 11/21/2011 Minute Entry.) Following an unsuccessful appeal, United States v. Robinson, 474 F. App'x 965, 966 (4th Cir. 2012), Petitioner filed his current § 2255 motion, supporting memorandum, and a later supplement invoking the Supreme Court cases discussed below (Docs. 41-42, 48). Respondent has filed a response (Doc. 44). In light of this

court's orders requesting additional briefing (Docs. 47, 52), Respondent filed two supplements (Docs. 50, 53).  Although additional time remains within which Petitioner is permitted to file a responsive brief (see Doc. 52 at 2), in light of Respondent's concession of relief favorable to Petitioner, additional briefing would be redundant. The matter is now prepared for a ruling. See Rule 8, Rules Governing § 2255 Proceedings.[1]

I. **PETITIONER'S GROUNDS**

In his § 2255 motion, Petitioner raises two grounds for relief. First, he contends that his trial counsel was ineffective for failing to interview Mervin Hinson II-Bey, who purportedly would have corroborated Petitioner in his contention that he did not possess a firearm during the robbery with a dangerous weapon offense for which he was convicted as a juvenile in Stanly County Superior Court on January 5, 1996. (Petition (Doc. 41), Ground One; Petitioner's Mem. in Supp. (Doc. 42).) As a result, Petitioner claims he had only two predicate convictions for violent felonies and that he was improperly sentenced as an armed career criminal. (Id.) Second,

---

[1] Petitioner was appointed counsel by prior order (Doc. 49) and so the pending motion for the appointment of counsel contained in his supplement (Doc. 48) will be denied as moot.

he argues that his 15-year mandatory minimum sentence as an armed career criminal is now prohibited by the Supreme Court decision in Alleyne v. United States, ____ U.S. ____, 133 S. Ct. 2151 (2013). (Petition (Doc. 41), Ground Two; Petitioner's Mem. in Supp. (Doc. 42).)

In a supplement, Petitioner also questions if he remains an armed career criminal in the wake of a number of recent Supreme Court decisions, discussed further below. (Doc. 48.)

## II. DISCUSSION

For the following reasons, Petitioner is correct that he only has two predicate convictions for violent felonies and that he was improperly sentenced as an armed career criminal. First, Johnson v. United States, ____ U.S. ____, 135 S. Ct. 2551, 2557 (2015) struck as unconstitutional the residual clause of the ACCA. Id.  Second, Johnson is also retroactively applicable on collateral review to claims that a defendant was improperly sentenced as an armed career criminal. Welch v. United States, ____ U.S. ____, 136 S. Ct. 1257, 1265 (2016). Third, the Fourth Circuit Court of Appeals concluded recently that a "district court erred in applying the ACCA enhancement based on [a defendant's] convictions for North Carolina common law robbery." United States v. Gardner, 823 F.3d 793, 804 (4th

Cir. 2016); see also United States v. Billups, No. 14-4959, 2016 WL 3254700 (4th Cir. June 14, 2016) (same).

Fourth, as the Government correctly points out, Petitioner's 1997 conviction for common law robbery (96CRS791) in Anson County Superior Court no longer qualifies as a "violent felony" under 18 U.S.C. § 924(e)(1) as a result of the Fourth Circuit's decision in Gardner and Billups. (Doc. 53 at 1-2; Doc. 46, ¶ 26.) Although this is not the predicate Petitioner challenges in his motion (he challenges a robbery with a dangerous weapon conviction), the result Petitioner seeks is the same because, Petitioner now lacks the "three previous convictions . . . for a violent felony or a serious drug offense" required by § 924(e)(1). 18 U.S.C. § 924(e).

Consequently, the Court agree with the parties that Petitioner must be resentenced without the ACCA enhancement. To the extent Petitioner raises any additional argumentation in his pleadings, it is now moot.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 41) is **GRANTED**, that the Judgment (Doc. 32) is **VACATED**, and that this matter shall be set for resentencing in light of the Government's concession. Petitioner remains in custody, and the United States Attorney is

- 4 -

directed to produce Petitioner for the resentencing hearing. The Probation Office is directed to prepare a Supplement to the Presentence Investigation Report in advance of the hearing.

**IT IS FURTHER ORDERED** that Petitioner's request for the appointment of council (Doc. 48) is **DENIED AS MOOT.**

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This the 4th day of August, 2016.

/s/ William L. Osteen, Jr.
United States District Judge

- 5 -

Case 1:11-cr-00110-WO   Document 54   Filed 08/04/16   Page 5 of 5